Taylor Tieman (SBN 305269)
ttieman@consumerlawcenter.com
Krohn & Moss, Ltd.
1112 Ocean Drive, Suite 301
Manhattan Beach, CA 90266
Tel: (323) 988-2400 x 254
Fax: (866) 861-1390

Attorney for Plaintiff, DEAN BEAVER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN BEAVER, <br><br> Plaintiff, <br><br> v. <br><br> USAA FEDERAL SAVINGS BANK, <br><br> Defendant. | Case No.: 5:19-cv-1161 <br><br> **COMPLAINT** <br><br> **(Unlawful Debt Collection Practices)** |

DEAN BEAVER ("Plaintiff"), by his attorneys, KROHN & MOSS, LTD., alleges the following against USAA FEDERAL SAVINGS BANK ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code §1788 *et seq*.

2. Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

3. Count III of the Plaintiff's Complaint is based on invasion of privacy – intrusion upon seclusion.

## JURISDICTION AND VENUE

4. Jurisdiction of this court over Count II of Plaintiff's Complaint arises pursuant to 15 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained in Count I and Count III.

5. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person residing in San Jose, California.

8. Plaintiff is a consumer or debtor and allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(d)-(e).

9. Defendant is a financial services company with a business office in San Antonio, Texas.

10. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant placed calls to telephone number (408) 891-XXXX.

13. Telephone number (408) 891-XXXX has been assigned to Plaintiff's cellular telephone.

14. These telephone calls were in connection with an alleged credit card debt.

15. These telephone calls were not for emergency purposes.

16. The alleged debt arises from transactions which were used primarily for personal,

family, and/or household purposes.

17. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Respondent placed these calls using an automatic telephone dialing system or an artificial or prerecorded voice.

18. On or about September 26, 2018 Plaintiff spoke with one of Defendant's employees.

19. Plaintiff instructed Defendant to stop calling his cell phone number.

20. After speaking with Plaintiff, Defendant knew or should have known that its calls were not wanted.

21. After speaking with Plaintiff, Defendant was not authorized to call Plaintiff's cell phone.

22. Defendant called Plaintiff's cell phone after September 26, 2018.

23. Since September 26, 2018 Defendant called Plaintiff's cell phone at least 211 times using an automatic telephone dialing system or an artificial or prerecorded voice.

24. Defendant called Plaintiff's cell phone five (5) times in a single day.

25. Defendant knew that it did not have Plaintiff's express consent to place these calls.

26. Defendant intended to place these calls and did so voluntarily, knowingly, and willfully.

27. Plaintiff was severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendant's unauthorized phone calls.

28. As a result of Defendant's unauthorized phone calls, Plaintiff suffered emotional distress including anxiety, stress, frustration, shame, lack of sleep, lack of concentration, and fear of answering his telephone even for important, legitimate calls from others besides Defendant.

///

///

## COUNT I
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

30. Defendant violated the Rosenthal Act based on the following:

    a. Defendant violated the § 1788.11(d) of the Rosenthal by causing Plaintiff's telephone to ring repeatedly or continuously to annoy the person called.

    b. Defendant violated § 1788.11(e) of the RFDCPA by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances

    c. Defendant violated the §1788.17 of the Rosenthal by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*. to wit: Sections 1692d.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

32. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## INVASION OF PRIVACY

34. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

35. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns and affairs.

36. Respondent interfered, physically or otherwise, with the solitude, seclusion and private concerns of Claimant by repeatedly and unlawfully calling Claimant's cell phone without authorization after he instructed it to stop.

37. Respondent's conduct resulted in multiple intrusions and invasions of privacy, which would be highly offensive or objectionable to a reasonable person in that position.

38. Claimant has suffered actual damages as a direct and proximate result of Respondent's intrusion.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against the Respondent for the following:

39. Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

40. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

41. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

42. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

1  43. Actual and punitive damages, to be determined at trial, for the invasion of privacy;

2  44. Any other relief to which Claimant is entitled and/or that this Honorable Court deems

3        appropriate.

                               RESPECTFULLY SUBMITTED,

Dated: March 1, 2019

                               KROHN & MOSS, LTD.

                    By:    /s/ Taylor M. Tieman
                            Taylor M. Tieman
                            Krohn & Moss, Ltd.
                            1112 Ocean Drive, Suite 301
                            Manhattan Beach, CA 90266
                            Tel: (323) 988-2400 x 254
                            Fax: (866) 861-1390
                            ttieman@consumerlawcenter.com

                            Attorney for Plaintiff

PLAINTIFF'S COMPLAINT